# IN THE UNITED STATES DISTRICT COURT
## FOR THE _Northern_ DISTRICT OF TEXAS
### _Wichita Falls_ DIVISION

_Harvey Leroy Sossamon, III_
Plaintiff's Name and ID Number
_No: 1126297, Allred Unit_
_2101 FM. 369 N, Iowa Park, Tx_
Place of Confinement          _76367_

CASE NO. **7-23CV-115-0**
(Clerk will assign the number)

v. _The Lone Star State of Texas, No.2,_
_P.O. Box 13084, Austin, Texas 78711-3084_
Defendant's Name and Address _Deputy Director_
_F.R. Hazel Wood, P.O. Box 99, Huntsville, Texas 77342_
Defendant's Name and Address
_Adezyanju A. Fadeyew, Chaplain II_
_2101 FM. 369 N, Iowa Park, Texas 76367_
Defendant's Name and Address
( DO NOT USE "ET AL.")   _(See Attached Pages For Additional Defendants)_

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
OCT 1 7 2023
CLERK, U.S. DISTRICT COURT
By_____
Deputy

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

1.   In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.   If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*.  In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.   The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to  assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.   If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.   Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ ___YES___NO

    B.   If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe  the additional lawsuits on another piece of paper, giving the same information.)

        1.   Approximate date of filing lawsuit: _Plaintiff is a three strike_

        2.   Parties to previous lawsuit: _litigant under 28 U.S.C., § 1915 (g)_

        Plaintiff(s) _Must be granted IFP by district court_

        Defendant(s) _under PLRA 28 U.S.C., § 1915 (g)._

        3.   Court: (If federal, name the district; if state, name the county.) _____

        4.   Cause number: _Harvey Levy Sorsemon, III_

        5.   Name of judge to whom case was assigned: _____

        6.   Disposition: (Was the case dismissed, appealed, still pending?) _____

        7.   Approximate date of disposition: _____

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: _James V. Allred Unit, TDCJ-CID Wichita County, Iowa Park, Texas_

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Harvey Leroy Sossamon, III, No. 1120297, Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367_

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: _The Lone Star State of Texas, P.O. Box 13084, Capitol Station, Austin, Texas 78711-3084_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Substantially burden Plaintiff's practice of Christianity and placed Plaintiff in a life threatening situation_

Defendant #2: _EF Hazelwood, Deputy Director of TDCJ Chaplaincy, P.O. Box 99, Huntsville, Texas 77342-0099_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_Failed to accomodate Plaintiff's chapel access on Sunday_

Defendant #3: _Adezvanju A. Fadeyen, Chaplain II Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_Failed to accomodate Plaintiff's chapel access on Sunday_

Defendant #4: _Brian Collier, Executive Director, TDCJ, 861B IH 45 North, Huntsville, Texas 77320_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Failed to control his employees and subordinates_

Defendant #5: _Kevin Smith, Senior Warden, Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Failed to accomodate Plaintiff's chapel access on Sunday_

Defendant #6: _Dr. Marci J. Odal, Unit Physician, Allred Unit, 2101 F.M. 369 North, Iowa Park, Texas 76367_
_Failed to enforce heat restrictions, and First & Eighth Amendments, Constitution; ADAII,_

Rev. 05/15

IV (B) Parties To This Suit:

Defendant #7: Religious Practice Committee Members,
P.O. Box 99, Huntsville, Texas 77342-0099,

Failed To accomodate and provide a location in the
Chapel to practice my religious beliefs after Fifth
Circuit opinion, and after Christians at Robertson Unit
were allowed to worship in chapel.

Page 3 - Sossamon No 2 Complaint

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Paragraph 1: Plaintiff is classified as a "heat restricted" prisoner pursuant to Judge Keith P. Ellison, District Judge, U.S. District Court, S.D. of Texas, Houston Division, approved in Cole v. Collier, No. 4:14-cv-1698.

Paragraph 2: Plaintiff was assigned to Allred Unit, from the French M. Robertson Unit, and W.J. Estelle Unit, and placed in the Extended Cell Block (ECB) for heat restricted elderly prisoners with the criteria developed by TDCJ-CID.

(See Attached Pages For Additional Claims)

VI.    RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments.  Cite no cases or statutes.

(1) Prospective Injunction, (2) Permenant Injunction, (3) Declaratory Judgement RLUIPA has been violated by defendants, (Declaratory Judgement TRFRA has been violated.

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Harvey L. Sossamon, III, H.L. Sossamon, III, H. Leroy Sossamon III, Mike Foster

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

29776, 424575, 691963, 1120297

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): ____ NA

2.  Case number: ____ NA

3.  Approximate date sanctions were imposed: ____ NA

4.  Have the sanctions been lifted or otherwise satisfied? ____ YES ✓ NO NA

Rev. 05/15

4

V.    Statement of Claim Continued.

Paragraph 3: Plaintiff is classified as a State Approved Trustee-3, (SAT-3) Minimum In G-2 custody level SAT-3 G-2 prisoner. Plaintiff was G-4 in 2020.

Paragraph 4: Plaintiff is in compliance with AD.07.30 (Administrative Directive) governing religious accomodation, and has Christian listed on his TDCJ travel card

Paragraph 5: Plaintiff has been denied chapel access on Sunday, and substantially burdened in the practice of his form of conservative mainstream Christianity since transfering from Jones County, at the French M. Robertson Unit.

Paragraph 6: Plaintiff has been placed in a threat of serious physical injury or death, by the denial of a location and accomodation inside the chapel on Sunday, because of his heat restricted classification, and terminal illnesses.

Paragraph 7: Christian congregation worship services is only offered to prisoners on Sunday in 4-Gym, A-side of the prison, where the extreme heat up to 110°F. threatens Plaintiff because of his TDCJ-CID classification and terminal health issues, and does not lift the substantial burden on Plaintiff to practice his form of Christianity, and terminal illnesses TDCJ-CID has documented in his electronic medical file. G-4 custody level Christians must attend congregational worship in 7-Building.

(Page 4 - Sossamon Complaint)

# V. Statement of Claim Continued:

Paragraph 8: The Allred Unit chapel has been gutted and converted into a multi purpose classroom, office space, and the alter and cross of Christ Jesus has been removed. The chapel in 1-Building is air-conditioned.

Paragraph 9: The Christian assembly and congregational praise and worship service is open call to ECB prisoners.

Paragraph 10: The Christian assembly and congregational praise and worship service on Sunday, is dominated by prisoners who have been delegted improper authority over other Christians, and substantially burdens Plaintiff's ability to practice his form of Christianity.

Paragraph 11: Plaintiff requested direct access to the 1-Building chapel to practice his form of Christianity on July 19, 2023, by I-60 Inmate Request. July 24, 2023, Plaintiff filed Grievance Number 2023134279.

Paragraph 12: Plaintiff received written instructions from Chaplain Adezyanju A. Fadeyen on July 20, 2023, to bring the I-60 to the Sunday congregational worship service in 4-Gym, A-side of the prison. Plaintiff complied with the written instruction on July 24, 2023. Chaplain Fadeyen did not accomodate Plaintiff with access to the House of God on Sunday morning.

(Page 4 - Sossamon Complaint)

I. Statement of Claim Continued:

Paragraph 13: Plaintiff was escorted to the 1-Building Chapel July 24, 2023, by Chaplain Adezyanzu A. Fadeyan, and shown that the chapel had been converted into a multipurpose room, classroom, and office space, and there were none of of original alters or crosses.

Paragraph 14: Step1 grivance number 2023134279, was signed by ECB assistant warden Christopher Wiedau, denying Chapel access, inspite of the threat to heat restricted prisoners like Plaintiff.

Paragraph 15: Plaintiff filed his Step 2 appeal for grievance number 2023134279, on August 3, 2023, and Deputy Director E.F. Hazelwood responded on August 25, 2023, refering to 7-Building B-side, 2020, and falsified the Step 2 response, and did not address the ECB heat restricted threat in the congregational worship, at 4-Gym.

Paragraph 16: Brian Collier, Executive Directive of TDCJ, is charge with the duty to promulgate the policies, administrative directives, governing the operation and management of the Texas prison system, and to enforce the laws of the United States and Texas, related to the daily operation of the prison system. He may delegate his duty pursuant to Title 4, Section 493.006 (a)(b) of the Government Code, A.D 07.30 is promulgated under this statutory provision Executive Director Collier has failed to enforce A.D, 07.30.

(Page 4 - Sossamon Complaint)

V. Statement of Claim Continued:

Paragraph 17: Brian Collier, in his official capacity pursuant to Title 4, Section 493.006(b), delegated his duty to E.F. Hazelwood, Deputy Director of TDCJ chaplaincy, in Huntsville, Walker County, Texas.

Paragraph 18: Plaintiff attempted to file Step1 Grievance Number 2023144018, August 13, 2023, returned to him August 14, 2023. Plaintiff attempted to file Step1 Grievance Number 2023144018, the second time August 15, 2023, plus wrote an I-60 Inmate Request explaining why his Step1 was not redundant. It was returned to Plaintiff August 15, 2023, for the second time.

Paragraph 19: Plaintiff filed Step1 Grievance Number 2023067361, against Dr. Marci J. Odal, February 11, 2023, and Kenyon Page, Unit Health Administrator (UHA) answered it March 20, 2023.

Plaintiff filed his Step 2 appeal for Grievance Number 2023067361, March 24, 2023, and the Office of Professional Standards replied April 14, 2023.

Paragraph 20: Plaintiff submitted I-60 Inmate Request to Dr. Marci J. Odal, February 7, 2023, documented by RN Sheena Worley, Charge Nurse, for the Medical Annex in E-LB at Allred Unit.

(Page 4 - Sossamon Complaint)

## V. Statement of Claim Continued:

Paragraph 21: Plaintiff had three Christian inmates assist him attending the Christian congregational worship service. February 13, 2023, Jim Thompson, No. 1971326, James Plexico, No. 1853209, and Mike G. Hernandez, No. 549845, provided Plaintiff with declarations.

Paragraph 22: Plaintiff filed Step 1 Grievance Number 2020041605, on November 24, 2019, and Elbert Holmes, assistant warden, ECB, replied December 23, 2019. Plaintiff filed his Step 2 appeal for Grievance Number 2020041605, December 23, 2019, and Deputy Director Timothy C. Jones, responded on January 17, 2020.

Paragraph 23: Defendants were not under A.D. 1064 (rev. 9, or A.D. 04.17, or AD 04.68), in January 2020. All of the revised amendments occured after February 26, 2021. Plaintiff attended Christian congregational worship service in 7-Building because of his G-4 custody. G-4 custody level prisoners were not allowed to attend worship on Sunday in the 1-Building chapel.

Paragraph 24: Plaintiff filed his Step2 appeal, and Step1 Grievance Number 2021107061, regarding holy communion on May 9, 2021, from the hospice ward after Jimmy S. Smith, senior warden, authorized dying elderly inmates, and terminally ill inmates to have Christian services on Tuesday each week. Timothy S. Hooper, assistant warden, replied on May 26, 2021.

( Page 4 - Sossamon Complaint)

V.    Statement of Claim Continued:

Paragraph 25: Plaintiff was told by CO4 Letticia Kubiak, that Dr. Marci J. Odal, had stated he could not go to the law library to assist Joe D. Bond, with his litigation pending in Chief Judge Barbara M.G. Lynn's court, June 8, 2022, under civil action number 7:21-CV-00067, Bond v. Collier.

Paragraph 26: Plaintiff was told by RN Maribel Morales, on June 8, 2022, that Dr. Marci J. Odal, had ordered the men assigned in the hospice ward infirmary, not to leave 10-Building to go to Church or Kairos.

Paragraph 27: Plaintiff was transferred from the hospice ward at the Allred Unit, to the hospital ward for hospice patients on the John T. Montford Unit, in Lubbock, Texas, August 8, 2022, until Dr. Susan Davis, returned him to ECB at the Allred Unit, August 29, 2022, because of his heat restriction.

Paragraph 28: Kevin Smith, senior warden, replaced Jimmy S. Smith as senior warden, over the Allred Unit, Brian Collier, delegated his duty to Kevin Smith, to protect heat restricted prisoners like Plaintiff. Kevin Smith failed to continue the Christian worship services in air-conditioned assemblies that Jimmy S. Smith authorized for Plaintiff, and by omission placed Plaintiff in a life threatening situation because of the Christian worship services in 4-Gym, A-side, where the extreme heat was beyond the temprature approved by Judge Keith P. Ellison, in the out of court agreement approved by the district court.

Page 4 - Sossamon Complaint

## VI Relief Requested Continued:

Cost of court, reasonable attorney fees, any other relief the Court deems Plaintiff is entitled to under the U.S. Constitution, or federal or Texas law and Acts.

## CAUSE OF ACTION

42 USC § 1983, entitles Plaintiff to relief under the First Amendment, U.S. Constitution.

## CAUSE OF ACTION No. 2

42 USC § 1983, entitles Plaintiff to relief under the Eighth Amendment, U.S. Constitution.

## CAUSE OF Action No. 3

42 USC § 2000-1, entitles Plaintiff to relief under the Religious Land Use & Institutional Land Act, (RLUIPA).

## CAUSE OF ACTION No. 4

Title 5, § 110.001, Texas Civil Practices & Remedies Code, the Texas Religious Freedom Restoration Act, (TRFRA) enacted by the Legislature, entitles Plaintiff to relief under state law.

(Page 4 Sossamon Complaint)

C. Has any court ever warned or notified you that sanctions could be imposed?   NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _ND Texas - Abilene_

2. Case number: _Don't Know_

3. Approximate date warning was issued: _Don't Know_

Executed on: _10-07-2023_
DATE

_Harvey Leroy Sossamon, III_
_Harvey Leroy Sossamon, III_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _7th_ day of _October_, 20 _23_.
(Day)                    (month)              (year)

_Harvey Leroy Sossamon, III_
_Harvey Leroy Sossamon, III_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

# PLAINTIFF'S
# EXHIBIT- A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARVEY SOSSAMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. A-06-CA-003-SS |
| | § | |
| LONE STAR STATE OF TEXAS, ET. AL., | § | |
| | § | |
| Defendants. | § | |

DECLARATION OF HARVEY SOSSAMON

1. "My name is Harvey Leroy Sossamon. I am over 18 years of age, of sound mind, capable of making this declaration, and personally acquainted with the facts stated in it, which are true and correct.

2. I am incarcerated in the Texas Department of Criminal Justice's (TDCJ) Robertson Unit.

3. I arrived at the Robertson Unit in 2002. I am serving a life sentence, and will not be eligible for parole until 2032, when I will be 82 years old.

4. I have spent most of my time at the Robertson Unit classified at level G3, as a "minimum in" prisoner. I have spent most of my time at the prison living in 4 Building.

5. I am a born again conservative Christian and follow the teachings of Jesus Christ, and Saint Paul the Apostle to the New Testament Church.

6. I sincerely believe that to reaffirm my faith, and to practice conservative New Testament Christianity in obedience to God, that attending weekly Christian worship services with like-minded believers is mandatory and essential. I cannot practice my faith and be obedient to God without being allowed to attend services with like-minded believers.

7. I sincerely believe that a chapel is a consecrated sanctuary and house of God, and is an especially holy place because the Holy Spirit resides there. To practice my faith, I need an

Initial: _____

opportunity to enter my Father's house, commune with the Holy Spirit, and pray silently in a consecrated location like the chapel at the Robertson Unit.

8. Prayer and communion with the Holy Spirit are essential to my religious practice and expression. I sincerely believe that failing to pray in a consecrated sanctuary is a sin because of God's command to go out in the highways and byways, and come in to church that God's house may be filled, as per Luke 14:23. Prayer in a chapel is mandatory, and permits me, as a Christian devotee, to focus on the Lord's word. I believe the chapel at the Robertson Unit is such a consecrated place.

9. I sincerely believe the opportunity to practice silent prayer during worship services in the chapel is mandatory. Silent prayer during services in the chapel directly connects me to the Holy Spirit, and provides the opportunity for introspection and personal reflection based on the sermon or lesson given.

10. I sincerely believe that services need to be quiet and tranquil in order to reflect the significance of the subject, and to permit worshipers to personally engage with the lesson taught. The chapel at the Robertson Unit is a sufficiently quiet and tranquil place for me to feel the presence of God during services.

11. I sincerely believe that an altar is the central point of a Christian service. I believe Christ is the supreme sacrifice and the final sacrificial offering upon the altar. It is a place upon which divine offers and the Eucharist are celebrated. Not worshipping before an altar fundamentally changes a Christian service by diminishing the amount of reverence owed to the Lamb of God, thus preventing me from correctly practicing my religion.

12. I sincerely believe that a cross, and other Christian symbols and imagery, are mandatory elements of Christian services. Christ died on a cross, and shed his blood so that my sins

Initial: _____

2

may be forgiven. I sincerely believe the cross is the dividing line between hell and redemption. I sincerely believe the cross is a symbol of His resurrection, victory over death, and the absolute redemption of His followers.

13. A cross is a permanent fixture in the Robertson Unit chapel.

14. It is important to me that during services I be surrounded with symbols like the cross that emphasize the central tenet of redemption and reconciliation with God through forgiveness. I sincerely believe I am commanded to kneel and pray silently in view of the cross in order to confess the many sins I have committed.

15. I sincerely believe that baptism, the ceremony inducting individuals into the body of believers, is mandatory in order to be obedient to God.

16. I sincerely believe that some members of the congregation are required to attend baptisms because these ceremonies welcome new converts into the church. When members of the congregation cannot attend baptisms, my religious exercise is burdened because I believe as a Christian that I am required to attend the baptism to support the new convert.

17. It is my sincere belief that full immersion in water is necessary for a true biblical baptism, therefore, inmates need to be permitted access to full immersion baptismal fonts. The chapel at the Robertson Unit has suitable fonts for conducting full-immersion baptisms. No other location at the Robertson Unit that I am aware of has suitable facilities to conduct full-immersion baptisms.

18. Baptisms do not take place regularly at the Robertson Unit. It has been many months since anyone was baptized here.

19. I sincerely believe I am required by my faith to take Holy Communion often. I sincerely believe it is especially important to take communion on the Christian holy days of

Initial: ~~[signature]~~

3

Christmas and Easter.    Communion does not take place during Christmas and Easter services at the Robertson Unit.

20. From 1999 until February 2009, the chapel at Robertson Unit was closed to regular Christian worship services. I was not permitted to attend services in the chapel each week, thus preventing me from fully exercising my religious beliefs.

21. Beginning in February 2009, after I filed this lawsuit and the Fifth Circuit remanded my claims, prisoners in my building were allowed to attend services in the chapel every other week.

22. During the period the chapel was closed, Robertson Unit officials instead opened a multi-purpose room for Christian services. I have attended services in the multi-purpose room.

23. The multi-purpose room has no altar, cross, stained glass, or other Christian religious imagery, which are important to fully practice my religious beliefs.

24. The multi-purpose room has a large, noisy fan, which is essential due to the high temperatures in the multi-purpose room. The fan, however, makes it nearly impossible to hear and participate in Christian services. The chapel, on the other hand, is air conditioned, and I have never had any problem hearing a speaker in the chapel.

25. The multi-purpose room has an open toilet on one side of the room. It is open to high traffic areas, to flashing security lights, inmate movement, and is subject to outside disruptions that do not occur in the chapel.

26. Inmates frequently urinate or defecate in the toilet during services. There are no screens or partitions around the toilet to provide any privacy. People from nearby facilities, like the barbershop, often interrupt services to use the toilet. This is distracting, disgusting and disrespectful to God.

Initial: _[signature]_

4

27. I sincerely believe it is necessary to attend services in a sanctified area where the solemn nature of a church service may be preserved. I sincerely believe such a location is pleasing to God. An open bathroom or urinal is offensive to God and destructive to the formal nature and practice of religious services.

28. There is no urinal or toilet in the Robertson Unit chapel. When a prisoner has to use the restroom during a service in the chapel, they can use a restroom that is private and just outside the chapel.

29. I sincerely believe that it is necessary to have a quiet environment conducive to introspection in order to concentrate and apply myself to religious practice during services. Services that I have attended in the multi-purpose room have been disrupted by flashing security lights, as well as the calls and jeers of inmates being moved past the large, open windows in the room.

30. Inmates passing by the multi-purpose room frequently try to disrupt services by flashing gang signs and making obscene gestures. Because the chapel does not have similar windows, and no inmate traffic passes by the chapel, there are virtually no distractions or disruptions during services in the chapel.

31. The multi-purpose room has a mural of Jerusalem, including a Muslim mosque which sits atop the Temple where I believe Jesus Christ once taught scripture. I believe this mural is a symbol of the destruction of Christianity and the persecution of Christians in the Holy Land. It is offensive to my religious beliefs, and I cannot worship properly in its presence.

32. There have been no incidents of violence in the chapel before, during, or after Christian services in the chapel that I have attended.

Initial: _____

5

33. I sincerely believe that to reaffirm my faith, services must be organized and conducted by a qualified leader of the church. A qualified leader must conduct themselves in accordance with the teachings of St. Paul the Apostle, as described in the books of Timothy and Titus. I cannot practice my faith fully by attending services solely arranged or led by fellow inmates who do not follow these teachings.

34. For over a year, services at the Robertson Unit have been organized by a committee of fellow inmates appointed by the chaplain staff at TDCJ. I do not believe these prisoners are qualified to lead services because they do not follow biblical teachings. When inmates lead services, I believe Christian services do not inspire due reverence to God.

35. I sincerely believe it is necessary to use hymns and hymnals to worship during Sunday morning services. Convict performers, entertainers, singers and musicians prevent the use of hymns and hymnals at services at the Robertson Unit.

36. On August 10, 2009 I was strip searched in view of female guards when leaving Christian services held in the chapel, along with all the other prisoners who had attended the service. No contraband was found as a result of that strip search. I am unaware of any reason the strip search took place.

37. It is my sincere belief that, as a conservative Christian, physical modesty is required and should be preserved to the greatest extent possible in all circumstances.

38. Being strip searched in view of female guards during a non-emergency, routine exit from the chapel violates my religious belief in modesty. The threat of being strip searched solely for attending services in the chapel prevents me from fully exercising my religious beliefs and places a substantial burden on my religious exercise as a conservative Christian.

Initial: _____

6

39. I, Harvey Leroy Sossamon, declare in accordance with 28 U.S.C. § 1746(1) (2009), that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge."

_____
Harvey Leroy Sossamon

_____
August 28, 2010
Date

Initial: _____

7

# PLAINTIFF'S
# EXHIBIT- B

**Texas Department of Criminal Justice**

**STEP 1**

**OFFENDER GRIEVANCE FORM**

Sossaman, Harvey

Offender Name: Harvey Leroy Sossaman    TDCJ #: 1120297

Unit: Allred    Housing Assignment: HSC-112B

Unit where incident occurred: Allred-ECB Medical Annex HSC-112B

**OFFICE USE ONLY**

Grievance #: 2023 06073 61

Date Received: FEB 13 2023

Date Due: MAR 30 2023

Grievance Code: 001

Investigator ID #: I-2888

Extension Date: _____

Date Retd to Offender: MAR 23 2023

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Dr. Marci Odal / RN Sheena Worley   When? 02-10-2023

What was their response? RN Worley Processed my I-60 Request

What action was taken? Dr. Odal Refused to Cancel my restriction

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I. On February 10, 2023, Dr. Marci Odal, did violate my Fourteenth Due Process right by refusing to lift my Medical restriction so I could attend the Christian assembly and worship service on A-side, in 4-Gym. The action taken by Dr. Odal, denies me my First Amendment Right to practice my Christian faith with like minded believers pursuant to TDCJ-CID A.D. 07.30, the Texas Religious Freedom Restoration Act (TRFRA), the Religious Land Use & Institutionalized Person's Act (RLUIPA), and the American's With Disabilities Act, Title 2, (ADA-2) and the Federal Rehabilitation Act. I am in compliance with TDCJ-CID A.D. 07.30, and my travel card list Christian on it. Dr. Odal has exceeded her authority as the Unit Physician, and an employee of the Texas Tech University Health Science Center (TTUHSC), by refusing to allow me to attend the Christian worship assembly in 4-Gym. TTUHSC provides a "Refusal Form," for patient-prisoners to sign who do not want treatment. TDCJ-CID provides the I-60 Inmate Request I filled out, and RN Worley processed requesting that Dr. Odal remove the 100 yard walking restriction so I could practice my Christian faith. The law allows me to decide what medical treatment I

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

will accept or reject. I am the Christian practioner
that won a reversal in the Fifth Circuit Court of Appeals
against Texas, and I won affirmation of the Fifth
Circuit's opinion in the U.S. Supreme Court. Sossamon v.
Texas, 560 F.3d 316 (5th Cir. 2009); Sossamon v. Texas, 563 U.S.
277, 131 S.Ct. 1651 (April 20, 2011). Warden Jimmy Smith is
fully aware of this litigation to gain accomodation to
practice my Christian fait from the French M. Robertson
Unit. Dr. Odal cannot stop me from going to church
wherever TDCJ-CID has the assembly and location'

**Action Requested to resolve your Complaint.** (1) Allow me to go to the Christian.
service in 4-Gym, A side, whenever the TDCJ-CID holds it.

**Offender Signature:** Harvey Leroy Sossamon III    **Date:** 02-11-2023

**Grievance Response:**

Documentation obtained from your electronic health record reflects that you refused your appointment on 02/10/23 with the medical provider for evaluation of restrictions. You are encouraged to attend all your scheduled appointments. If you would like to have your restrictions evaluated, please submit a sick call request and you will be seen in accordance with Correctional Managed Health Care Policy A-01.1.

Kenyon Page
Medical Administrator

**Signature Authority:** _____    **Date:** _____    MAR 2 0 2023

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**_____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

**Appendix F**



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Harvey Leroy Sossamon    TDCJ # 1120297

Unit: Allred    Housing Assignment: HSECB C-112B

Unit where incident occurred: Allred HSECB Medical
HSC-112B

OFFICE USE ONLY

Grievance #: 20230157361

UGI Recd Date: MAR 2 4 2023

HQ Recd Date: MAR 28 2023

Date Due: 5-8-23

Grievance Code: 601

Investigator ID#: 10352

Extension Date:

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific). *I am dissatisfied with the response at Step 1 because...*

I appeal the Step 1 response by Kenyon Page, delivered to me thursday 03-24-23, for Grievance No. 202367361, because the electronic medical file only reflects what Dr. Marci Odal's staff records in it, and is not accurate and does not tell the entire truth. Kenyon Page, in his employment capacity rubber stamps and signs off on the recommended Step 1 answer, and does not do an independent investigation, and does not interview the person who filed the Step 1 grievance. TDCJ-CID AD 07.30, governs Christian access to assemble in 4-gym. My TDCJ-CID travel card reflects I am a Christian, and I have petitioned the federal courts, and won a decision for practicing my beliefs and form of Christianity. There is no Sunday assembly at Allred Unit, in HS ECB, and Christians are not provided a location or accomodation to assemble and worship and praise God in HSECB. The medical refusal form does not reflect any of the above, and Dr. Odal is on record with CO Leticia Kubiak, and RN Maribel Morales, June 8, 2022, denying me, and other patients access from 10-Bldg, to go to Christian worship services with assistance from the TDCJ-CID Field Ministers. None of that is reflected in Kenyon Page's Step 1 response. The Step 1

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

response by Kenyon Page, does not reflect that I am entitled to attend the Christian assembly with like minded Believers. I appeal the Step1 response by Kenyon Page to the Step 2 review members.

**Offender Signature:** Harvey Leroy Sonnamon, III     **Date:** 03/24/2023

**Grievance Response:**

A review of the Step 1 medical grievance the inmate requests medical restrictions to be removed to attend church services.

The Step 2 Appellate Review has been completed. According to the medical documentation you are requesting the medical physician to remove your 100 yards medical restriction to walk to church. You submitted a Sick Call Request (SCR) regarding this walking restriction on 02/08/2023. You were scheduled an appointment 02/10/2023 with the medical physician to discuss your restrictions and wheelchair and no showed the appointment. You are encouraged to attend all your scheduled appointments. You have been informed religious services are available in ECB housing and ECB is not wheelchair compliant and passes are not issued to inmates that live in that building.

If you feel your situation has changed to warrant further evaluation you are advised to submit a Sick Call Request to the medical department.

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**                                    **04/14/2023**
**TDCJ HEALTH SERVICES DIVISION**

Signature: _____     **Date:** _____

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2ⁿᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3ʳᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

**I-128 Back** (Revised 11-2010)                                    **Appendix G**

**SUBJECT:** *State briefly the problem on which you desire assistance.* Christian Worship Servi.

Dear Dr. Odal:

Please delete the walking restriction I have for 100 yards so I can go to the Sunday Christian service in A-Side 4-Gym. It is better to struggle and get to the assembly with other Christians assistance then to have to miss the Christian service on Sunday. Thank you for your help with deleting this restriction so I can go to 4-Gym with the Church.

Name: Harvey Leroy Sossamon III    No: 0297    Unit: Allred
Living Quarters: HSECB C-112 Bottom    Work Assignment: Med. U/A

**DISPOSITION:** (Inmate will not write in this space)

PSC- Wants restrictions removed

SUBMITTED BY INMATE

SCANNED  S. Worley RN

FEB 0 8 2023    MN 0100

EXIBIT-B

☆I-60 (Rev. 11-90)

---

**SUBJECT:** *State briefly the problem on which you desire assistance.* Christian Assembly 4-Gym Accomodation & Location

Dear Dr. Odal:

Previously the Field Ministers were able to take me to Christian assemblies in 4-Gym from 10-Bldg. infirmary per the Warden and chaplaincy in a wheelchair I have a 100 yard walking restriction with a walker. It is approximately 300 yards to the 4-Gym Christian Location where we are accomodated. Please authorize me to have a wheelchair to go to 4-Gym Christian assemblies and services. Thank you

Name: Harvey Leroy Sossamon III    No: 0297    Unit: Allred
Living Quarters: HSECB C-112 Bottom    Work Assignment: Med. U/A.

**DISPOSITION:** (Inmate will not write in this space)

SCANNED    NSC-Want wheelchair pass
S. Worley RN

FEB 0 6 2023    0100

EXIBIT-B

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: _Dr. Marci J. Odal_    DATE: _02-07-2023_
    *(Name and title of official)*
_Allred Unit- E.C.B Annex, Iowa Park Tx. 76367_

---

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: _Dr. Marci J. Odal, M.D._    DATE: _02.06.23_
    *(Name and title of official)*
ADDRESS: _Allred Unit ECB Annex, Medical Iowa PK TX 76367_

# PLAINTIFF'S EXHIBIT-C

# Texas Department of Criminal Justice

OFFICE USE ONLY

Grievance #: 2023134279

Date Received: JUL 24 2023

Date Due: SEP 02 2023

Grievance Code: 100

Investigator ID #: I-2888

Extension Date: _____

Date Retd to Offender: AUG 02 2023

## STEP 1

## OFFENDER GRIEVANCE FORM

Sossaman, Harvey Leroy III

Offender Name: Harvey L. Sossamon     TDCJ # 1120297

Unit: Allred     Housing Assignment: HS-ECB-B104B

Unit where incident occurred: James V. Allred

HSB-104B

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Chaplain A. Fadeyen     When? July 19, 2023

What was their response? Acknowleged My I-60 Request For Accomodation

What action was taken? I have been denied the Chapel location I need.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

Sossamon V. The Lone Star State of Texas, 560 F.3d 316, (5th Cir. 2009); affirmed by the U.S. Supreme Court, April 20, 2011, I was, and I am the Christian pro se litigant that took the state of Texas, and the TDCJ-CID to New Orleans, Louisiana, and to Washington D.C. because I was denied any access to the chapel while other prison inmates were allowed to enter the chapel for other reasons. I requested written accomodation under A.D. 07.30, to the chapel location to practice my form of the Christian faith. TDCJ-CID allowed Christians to come to the chapel, and Kairos to have access to the chapel for 9 years after the Texas Solicitor General James Ho went to Washington, D.C., I am substantly burden by being denied accomodation in the chapel location to practice my Christian faith, after Jesus himself declared in the Holy Scriptures that God is house is a house of prayer. There are no crosses in the assembly inside 4-Gym where only, but almost exclusively Contemporay music is played during worship. There is no alter in 4-Gym where I can pray, kneeling down alone, or with Brothers I know in the name of Jesus, by the Holy Spirit's assistance, Allred Unit is in contempt of Court after the U.S. Supreme Court's decision that RLUIPA is valid,

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

and the Texas Legislature enacted the Texas Religious

Freedom Restoration Act, codified at Texas Civil Practices & Remedies Code. On July 24, 2023, I sent a I-60 to Kevin Smith, Senior Warden, asking for access, accomodation to the location in the Chapel. This step is to satisfy my duty owed to the Congress and the Texas Legislature, and the courts, and TDCJ-CID, and to practice the due diligence the government expect from me. Please do not make further litigation necessary to gain accomodation in an acceptable location. God bless

**Action Requested to resolve your Complaint** (1) Stop the RLUIPA & TRFRA violations, (2) provide me accomodation and chapel access.

**Offender Signature:** Harvey Leroy Sossamon, III **Date:** July 24, 2023

**Grievance Response:**

The investigation of this grievance is complete. Custody level and housing does not give reason to come to Chapel. The Unit Chapel is mostly used for class and other religious activities. You are allowed on to the Chapel on Sunday when you attend your faith preference religious service. This is for your information. No further action is warranted.

C. Wiedau, Asst. Warden

**Signature Authority:** _____ **Date:** AUG 0 1 2023

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**_____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE**

Offender Name: Harvey Leroy Sossamon    TDCJ # 1120297

Unit: Allred    Housing Assignment: HSEB-BTO4B

Unit where incident occurred: Allred – 4 Gym – Chapel
HSB-104B

**OFFICE USE ONLY**

Grievance #: 2023134279

UGI Recd Date: AUG 0 3 2023

HQ Recd Date: AUG 0 4 2023

Date Due: 9-12-23

Grievance Code: 100
10660

Investigator ID#:

Extension Date:

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because.*

I appeal the Step 1 answer by Asst. Warden Christopher Wiedau because of the PLRA and U.S. Supreme Courts decision that I have to give TDCJ-CID two chances to provide administrative remedies. Congress and the Texas Legislature enacted the RLUIPA/TRFRA, specifically to prevent chaplains and prison supervisors from substantially burdening a religious practioner and placed the burden on Chaplains Fadeyan and Chaplain Dooley, and Warden Kevin Smith, and Assistant Warden Wiedau, to justify the burden and failure to accomodate. TDCJ-CID itself after Judge Keith Ellison, approved the out of court agreement provides a/c for ECB housing and prisoners with heat restrictions. Chaplain Fadeyen and Chaplain Dooley, place Christians housed in ECB with heat restrictions in a life threatening position because the service in 4 gym reaches well over the limit approved by Judge Ellison, and violates the RLUIPA/TRFRA. I am a GJ minimum, SAT-3 prisoner, and the heat in the 4-Gym service severely threatens my life and substantially burdens the practice of my form of Christianity. Many Christians I have talked to stop going to assembly because of the heat, and life threatening position we

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

are placed in by this chaplaincy in violation of R.U.I.P.A.
30 the First Amendment, and Fourteenth Amendment.
Asst. Warden Wiedeau's Step 1 reply does not point
to G-2, SAT-3 minimum, GP prisoners housed in ECB
cool bed housing and the health risk, I appeal.

**Offender Signature:** Harvey Leroy Sossamon, III   **Date:** 08/03/2023

**Grievance Response:**

Inmate SOSSAMON has been accommodated by chaplaincy and the wardens at the Allred Unit. Staff provided a cross, a makeshift altar (placement of chairs in front of the service) in answer to Inmate SOSSAMON's prior Step One Grievance, in 2020. Volunteers are currently in the process of building an air-conditioned chapel at the Allred Unit. This process is lengthy. We anticipate groundbreaking soon. Many sincere people have already donated time, money and services to its proposed construction. We have another 2250 in Region V, Clements Unit, that has a similar chapel. Therefore, we anticipate a similar footprint with a dramatic increase in services provided.

C.E. HAZLEWOOD
DIRECTOR OF RELIGIOUS SERVICE

**Signature Authority:** Cynthia Conny   **Date:** AUG 25 2023

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**          **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2nd Submission**          **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**          **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened   ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                    **Appendix G**

SUBJECT: State briefly the problem on which you desire assistance.

Dear Chaplain Fadeyen, I want to attend the Christian Chapel in view of the cross of Jesus Christ, and kneel at the alter, where I can pray to holy God for myself with the Christian F.M. Jereond Michel Anthoey David Braham, Cex, Parker James Garza, and Chris Underwoods I am making this request for accomodation because I litigated my cause from Austin to New Orleans, and from New Orleans to Washington D.C., and the U.S. Supreme Court. Please allow me this location and schedule me for access to practice my sincerl form of Christianity ASAP. Thank you. God bless

Name: Harvey Leroy Sossamon III    No: 1202297    Unit: Allred

Living Quarters: HSECB 5-104 Bottom    Work Assignment: Med. I.A.

J-60 (Rev. 11-90)

DISPOSITION: (Inmate will not write in this space)

**SUBMITTED BY INMATE**

Request Acknowledge

Please bring this I-60 to Sunday Christian service in order to have a futher discussion with the Chaplain Regards to your request

Ch Fadeyen
7-26-23

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

☐   Unit Assignment, Transfer (Chairman of Classification, Administration Building)

☐   Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

☐   Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

☐   Clemency-Pardon, parole, early out-mandatory/supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐   Visiting List (Asst. Director of classification, Administration Building)

6. ☐   Parole requirements and related information (Unit Parole Counselor)

7. ☐   Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐   Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: Chaplain Faglesen, F/M/Smith DATE: 07.19.2023
(Name and title of official)

ADDRESS: Allred Unit, 1-Bldg-1 Iowa Park, Texas 76367

**Texas Department of Criminal Justice**

## STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Harvey L. Sossamon III    TDCJ # 1120297

Unit: Allred    Housing Assignment: ECB B-104B

Unit where incident occurred: Allred ECB

HSB 104B

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Chaplains A.A. Fadeyen + J. Dooley

What was their response? Nonresponsive to I-60 Requesting RLUIPA Access

What action was taken? Christian Services held in 4-Gym heat 8-13-23

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

Two men died in ECB on 08-10+11, 2023, and Christians in chains like me, are still being discriminated against, because Judge Keith P. Ellison, and TDCJ-CID, and Edwards law Firm, approved and classified me, as a heat restricted prisoner because of the terminal illnesses I have been diagnosed by TDCJ-CID. The ongoing intentional discrimination because of my health and handicaps, is a blatant and a flagrant violation of the Americans with Disabilities Act, Title II, and the Federal Rehabilitation Act, (ADA-2+ FRA) and Title 4, § 501.001, Tx. Govt. Code, and TDCJ-CID policy. Today 08/13/23, I have been discriminated against because I have been denied an a.c location, and the accomodation I need to kneel in view of the cross of Jesus Christ the lamb of God, at the alter, and pray for the forgiveness of my sins, in the house of prayer and God's sanctuary, in violation of the RLUIPA, TRFRA, and A.D. 07.20, and the Christian congregational worship service, and fellowship was held in the life threatening 4-Gym, where Christians like me, with my terminal illnesses, must choose to practice my faith, and accept the discrimination, or take the risk of dying from the heat exposure. I am substantially burdened by the intentional use of 4-Gym and the life threatening heat after TDCJ-CID and Judge Ellison reached

AUG 14 2023

AUG 15 2023

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

AUG 14 2023

AUG 15 2023

Appendix F

an out of court agreement negotiated by Edwards Law Firm, and defense counsel from the Attorney General's office. The Texas Criminal Justice Board, did not approve the conversion of God's house of prayer into a multipurpose room, or a class room, Chaplains and Wardens and majors; as employees comes and goes on promotions within TDCJ-CID occur, but God remains the same, every day. I am filing this grievance to stop the discrimation, and the violations of the ADA-2, FRA, RLUIPA, TRFRA, A.D. 07.30. TDCJ-CID policy prohibiting discrimination, and to exhaust this issue under the PLRA. AUG 14 2023   AUG 15 2023

**Action Requested to resolve your Complaint.** (1) Stop the discrimination, (2) enforce the ADA-2, FRA, RLUIPA, TRFRA, and TDCJ-CID policy, AUG 15 2023

**Offender Signature:** Harvey Leroy Sossamon, III   **Date:** 8-13-2023   AUG 14 2023

**Grievance Response:**

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**       *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☒ 9. Redundant, Refer to grievance # 2023140568

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** R Schraer, R

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission   UGI Initials: ___

Grievance #: 2023144018

Screening Criteria Used: 199.09

Date Recd from Offender: AUG 14 2023

Date Returned to Offender: AUG 14 2023

2nd Submission   UGI Initials: ___

Grievance #: 2023144018

Screening Criteria Used: 199.09

Date Recd from Offender: AUG 15 2023

Date Returned to Offender: AUG 15 2023

3rd Submission   UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

**SUBJECT:** State briefly the problem on which you desire assistance.

Dear Sir/Ma'me    "Grievance No 2023147018 8/13/2023

"Not Redundant"

This step 1 is not redundant, and it list a different date specifically identifies who is responsible for the continent of court, by not placing Me at risk of a serious physical illness or death, but identifies the form of discrimination in the attempt to use th6um. Nobody died yet in Grievance No. 2023147018 E.B. Two men possibly three died in E2B since I filed the first step. I have to exhaust each issue, and each time I'm guilty by federal court under the PLRA-

Harvey Levy & Jussamon, III

HSE13 16-104 Bottom

Living Quarters: HSE13 16-104 Bottom    No: 120297    Work Assignment: Medical D.A

Name: ___    Unit: Allred

EXHIBIT-C

SUBMITTED
BY INMATE
AUG 15 2023

30 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.

☐ 1. Unit Assignment, Transfer (Chairman of Classification, Administration Building)

☐ 2. Restoration of Lost overtime (Unit Warden-if approved, will be forwarded to the State Disciplinary Committee)

☐ 3. Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

☐ 4. Clemency-Pardon, parole, early-out-mandatory-supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

☐ 5. Visiting List (Asst. Director of classification, Administration Building)

☐ 6. Parole requirements and related information (Unit Parole Counselor)

☐ 7. Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

☐ 8. Personal interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _Grievance Office Investigator._
(Name and title of official)

ADDRESS: _Alfred Unit, V-Bldg, Grievance Office, Iowa Pk, TX 76367_

DATE: _08/15/2023_

**Texas Department of Criminal Justice**

| | OFFICE USE ONLY |
|---|---|
| | Grievance #: 2023140568 |
| | Date Received: AUG 07 2023 |
| | Date Due: SEP 21 2023 SEP 16 2023 |
| | Grievance Code: 100/598 |
| | Investigator ID #: I2888 |
| | Extension Date: |
| | Date Retd to Offender: AUG 24 2023 |

## STEP 1   OFFENDER GRIEVANCE FORM

Sossamon, Harvey LeRoy III

**Offender Name:** Harvey L. Sossamon III, **TDCJ #** 1120297

**Unit:** Allred   **Housing Assignment:** HSECB-B-104B

**Unit where incident occurred:** Allred, Gym-4 A-Side
HSB-104B

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

**Who did you talk to (name, title)?** Chaplains A. Fadeyen, J. Dooley **When?** 08.02-03.23

**What was their response?** No Change, non responsive to Notice

**What action was taken?** God's house of prayer continues being desecrated.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Christians in chains for Christ Jesus, who TDCJ-CID and the U.S. District Court, has determined are heat restricted, pursuant to A.D. 04.17 and A.D. 04.68, continue to be placed at risk of serious heat related physical injuries or death, by Chaplains A. Fadeyen and J. Dooley. Christian congregational assemblies, are held on Sunday, A-side, in 4-Gym, where the heat index is way beyond the safe limit for TDCJ-CID classified heat restricted prisoners. Chaplains A. Fadeyen and J. Dooley, are violating the First, Eighth, and Fourteenth Amendments, the RLUIPA and TRFRA, by accommodating me, and Christians with heat restrictions in 4-Gym where the heat is beyond the safe limit, and substantially burdening me, and the practice of my form of Christianity with the 4-Gym location, instead of the chapel, that the Texas Board of Criminal Justice approved for units like James V. Allred. The action taken by Chaplains A. Fadeyen and J. Dooley, is akin to the prophet Neiemiah who wept over the destruction of the wall before he built it back. The house of prayer here has been converted to a classroom, and multi purpose room instead of the chapel, approved by the Board. A.D. 07.30, authorizes Chaplains A. Fadeyen, and J. Dooley to accommodate me, with the location I can remove the substantial burden placed on

**I-127 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**

(OVER)

Appendix F

Me, and Judge Keith P. Ellison, and TDCJ-CID, authorizes the removal of the life threatening heat related illnesses. The Fifth Circuit Court of Appeals has made it clear, that Texas has a duty to prevent life threatening placements where heat related death, or serious physical injuries occur. I have talked to a Number of Christians in ECB who are TDCJ-CID classified as heat restricted, and they told me, "they do not attend the Sunday service because it's over a 100° in July-August-September. Please allow us to go to the chapel for Sunday

**Action Requested to resolve your Complaint.** (1) Stop violating the First, Eighth, and Fourteenth Amendments, the RLUPIA, the TRFRA, A.D. 07.30, AD 04.17 & 04.68

**Offender Signature:** Harvey Leroy Sossamon III   **Date:** August 7, 2023

**Grievance Response:**

The investigation of this grievance is complete. 4 gym is the only available option for heat restricted inmates to attend their religious services at this time. This is for your information. No further action is warranted.

**B. Reitsma, Asst. Warden**

**Signature Authority:** _____   Date **AUG 2 4 2023**

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   ***Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

<table>
<tr><td colspan="2"><strong>OFFICE USE ONLY</strong></td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td><strong>2nd Submission</strong></td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td><strong>3rd Submission</strong></td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

**Appendix F**



**Texas Department of Criminal Justice**

## STEP 2    OFFENDER
GRIEVANCE

| OFFICE USE ONLY | |
|---|---|
| Grievance # | 202314O568 |
| UGI Recd Date: | AUG 2 5 2023 |
| HQ Recd Date: | AUG 2 9 2023 |
| Due Date: | 10-4-2023 |
| Grievance Code: | 100/598 |
| Investigator ID#: | 10660 |
| Extension Date: | |

Offender Name: Harvey L. Sossaman III    TDCJ # 1120297

Unit: Allred    Housing Assignment: HSECB B-104B

Unit where incident occurred: Allred ECB - 4 Gym

HSB-104B

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific). *I am dissatisfied with the response at Step 1 because...*

I appeal the Step 1 response by Asst. Warden Bryan D. Reitsma, for grievance number 20231405 68, because it does not address the life threatening and physical injuries Christians like me, are placed in. I am a federally qualified handicapped Christian that TDCJ-CID and TTUHSC has restricted to air-conditioning so I do not die, or be seriously injured. There can be no dispute that Christians like me are substantially burdened by Chaplain Fadeyen and Chaplain Dooley holding Sunday worship and praise congregational assemblies in 4-Gym where it is over 100°F each service. Chaplains Fadeyen and Dooley, or Asst. Warden Reitsma cannot place Christians like me at risk of dying, or serious physical injuries for convenice. The House of God, in the TCJB chapel is air-conditioned but has been converted into a classroom, multi-purpose room, and office space. I am substantially burdened by the conversion of God's house of prayer. Under the RLUIPA/TRFRA, and A.D. 07.30, and ADA-2, and FRA, TDCJ-CID has to allow Christians like me, to predice our faith where we are safe, and to remove the threat before a Christian is killed. I have missed consecutive Sundays because of the life threatening heat. TDCJ-CID's own Deputy Director Lanette Linthicum, participated in the criteria for heat restricted prisoners and Christians like me. Asst. Warden Reitsma's Step1 reply does not address

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

the allegation, but merely rubber stamps the chaplaincy recommended response. The RLUIPA / TRFRA and A.D. 07.30, requires much more for compliance and unit employees can't knowingly violate federal and state religious statutes, intended to afford Christians like me, with safe accommodation / locations

Offender Signature: Harvey Leroy Sossamon III     Date: 08/25/2023

Grievance Response:

C.F. HAZLEWOOD
DIRECTOR OF RELIGIOUS SERVICE

Inmate SOSSAMON has been accommodated by chaplaincy and the wardens at the Allred Unit. Staff provided a cross, a makeshift altar (placement of chairs in front of the service) in answer to Inmate SOSSAMON's prior Step One Grievance, in 2020. Volunteers are currently in the process of building an air-conditioned chapel at the Allred Unit. This process is lengthy. We anticipate groundbreaking soon. Many sincere people have already donated time, money and services to its proposed construction. We have another 2250 in Region V, Clements Unit, that has a similar chapel. Therefore, we anticipate a similar footprint with a dramatic increase in services provided and the building will be air conditioned. Finally, this is the second Step II Grievance with the exact same complaint, within a week or two of the first. You initiated the second prior to the first response, eroding the integrity of this grievance system.

Signature Authority: Cynthia Long     Date: 9/28/23

Returned because:     *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

State briefly the problem on which you desire assistance

Dear Chaplain Faulyen - Chapel Access - Sunday am
is wrong. Please grant me access to the 1 Building Chapel
with accomodation to practice my form of the Christian faith,
and please remove the threat of serious physical injury or
death, with TDCJ-CID heat restricted elderly prisoners. The 4-
Gym congregational worship service leaves Christians at risk
of life threatening heat related illnesses. When the extreme
temperature reaches over 88°F. It gets up to 110°F in the gym.
TDCJ-CID is in contempt of men's court, and God's court.
Please allow me to come to Chapel on Sunday. Thankyou.
Name: Harvey Leroy Sossamon, III    No: 1100397    Unit: Allred
Living Quarters: H5 FCB B-104 Bottom    Work Assignment: Med. U/A

DISPOSITION: (Inmate will not write in this space)

EXHIBIT - C

to Sossamon,

The Unit is on Lockdown as of today
1-6-23. Once the lockdown is over, you can resend
your I-60 for chaplain review. Chaplain has given
your accomodation for you during Sunday
worship.

                                        Cpt Faulyen
                                        1-6-23

60 (Rev. 1-90)

# PLAINTIFF'S
# EXHIBIT-D

| State Of Texas, | § | Unsworn Declaration |
| County Of Wichita | § | By An Inmate |
| | § | Under Penalty |
| | § | Of Perjury |
| | § | |

<u>28 U.S.C., Section 1746</u>

I, <u>Jim Thompson</u>, TDCJ-CID No. <u>01971326</u>, being confined and incarcerated at the James Allred Unit, located in Wichita County, at 2101 Fm. 369 North, Iowa Park, Texas, 76367, and being of sound mind, over the age of 18, familiar with the facts stated herein, do swear upon my oath is the truth under the penalty of perjury:

I, am a Christian, and on February 12, 2023, I did assist Harvey Leroy Sossamon, III, No. 1120297, attend the Christian assembly and congregational worship and praise service held in 4 Gym, on A-side of the unit. After the Christian assembly was dismissed I was one of the Christians that assisted Harvey Leroy Sossamon III return to High Security Extended Cell Block (ECB) C-Pod.

FARTHER Declaration Declarant Sayeth Not!

February 13, 2023    

State Of Texas,        § Unsworn Declaration
County Of Witichita    § By An Inmate
                       § Under Penalty
                       § Of Perjury,
                       §

## 28 U.S.C. Section 1746

I, James Plexico, TDCJ-CID No. 1853208, being confined and incarcerated at the James Allred Unit located in Wichita County, at 2101 F.M. 369 North, Iowa Park, Texas, 76367, and being of sound mind, over the age of 18, familiar with the facts stated herein, do swear upon my oath is the truth under penalty of perjury:

I, am a Christian, and on February 12, 2023, I did assist Harvey Leroy Sossamon, III, No. 1120297, attend the Christian assembly and congregational worship and praise service held in 4-Gym, on A-side of the unit. After the Christian assembly was dismissed, I was one of the Christians that assisted Harvey Leroy Sossamon, III, return to High Security, Extended Cell Block, (ECB) C-pod.

Further Declaration Declarant
Sayth Noft

February 13, 2023    James Plexico

State Of Texas,        § UNSWORN Declaration
County Of Witichita,   § By AN Inmate
                       § UNDER PENALTY
                       § Of Perjury!
                       §
        28 U.S.C., Section 1746

I, Mike G. Hernandez    TDCJ-CID No. 549845
being confined and incarcerated at the James
Allred Unit, located in Wichita County, at
2101 F.M. 369 North, Iowa Park, Texas, 76367,
and being of sound mind, over the age of 18,
familiar with the facts stated herein, do swear
upon my oath is the truth under penalty of
perjury:

        I.
   I, am a Christian, and on February 12,
2023, I did assist Harvey Leroy Sossamon, III,
No. 1120297, attend the Christian assembly and
congregational worship and praise service held in
4-Gym, on A-side of the Unit. After the
Christian assembly was dismissed, I was one
of the Christians that assisted Harvey Leroy
Sossamon, III, return to High Security, Extended
Cell Block (ECB) C-pod.

Further Declaration Declarant
Sayeth Not!

February 13 2023   Mike G Hernandez

PLAINTIFF'S
EXHIBIT- E

**Sec. 493.006.  Executive Director.**

(a) The board shall employ an executive director who possesses the following minimum qualifications:

(1) five years experience in the field of corrections in an administrative capacity;

(2) three years experience in the field of corrections in an administrative capacity and a graduate degree from an institution of higher education in penology or a related field; or

(3) seven years experience in management or administration of a government agency, institution of higher education, or business enterprise of size comparable to the department.

(b) The executive director is responsible for the administration and enforcement of all laws relating to the department including rules implemented by the department but may delegate those responsibilities as permitted by board rule or general law.

**HISTORY:**

Enacted by Acts 1991, 72nd Leg., ch. 16 (S.B. 232), § 10.01(a), effective August 26, 1991.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

PLAINTIFF'S
EXHIBIT- F

### Sec. 500.001.  Supervisory or Disciplinary Authority of Inmates.

**(a)** An inmate housed in a facility operated by the department or under contract with the department may not act in a supervisory or administrative capacity over another inmate.

**(b)** An inmate housed in a facility operated by the department or under contract with the department may not administer disciplinary action over another inmate.

**HISTORY:**

Enacted by Acts 1989, 71st Leg., ch. 212 (S.B. 1044), § 2.01, effective September 1, 1989; am. Acts 1991, 72nd Leg., ch. 16 (S.B. 232), § 10.01(a), effective August 26, 1991 (renumbered from Sec. 499.001); am. Acts 1995, 74th Leg., ch. 321 (H.B. 2162), § 1.065, effective September 1, 1995.

**STATUTORY NOTES**

**Editor's Notes.**

A former Chapter 500, Texas Department of Corrections: Inmate Welfare, as added by Acts 1989, 71st Leg., ch. 212 (S.B. 1044), § 2.01 and consisting of §§ 500.001 to 500.096, was renumbered to Chapter 501, §§ 501.001 to 501.096, by Acts 1991, 72nd Leg., ch. 16 (S.B. 232), § 10.01(a), effective August 26, 1991.

A former Section 500.001, Discrimination Against Inmates Prohibited, as added by Acts 1989, 71st Leg., ch. 212 (S.B. 1044), § 2.01, was renumbered to Section 501.001, Government Code, by Acts 1991, 72nd Leg., ch. 16 (S.B. 232), § 10.01(a), effective August 26, 1991.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# PLAINTIFF'S
# EXHIBIT-G

Texas Department of Criminal Justice

# STEP 1    OFFENDER GRIEVANCE FORM

**Sossaman, Harvey**
III

Offender Name: Harvey Leroy Sossamon,    TDCJ # 1120297

Unit: James V. Allred    Housing Assignment: ~~HS ECB B-112 B~~

Unit where incident occurred: Allred, 7-Bldg. Multi-purpose

HSH-112B

OFFICE USE ONLY

Grievance #: 2020041605

Date Received: NOV 26 2019

Date Due: JAN 05 2020

Grievance Code: 104

Investigator ID #: I-2630

Extension Date:

Date Retd to Offend DEC 23 2019

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Gary Redwine, Chaplain    When? 11. 18. 2019

What was their response? Chaplain Redwine was nonresponsive to I-60 requesting access

What action was taken?  I have been substantially burdened in the practice of my faith

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

1. Christians are commanded by the Lord Jesus himself, to obey "[two of His ordinances]" in this age one being to be baptized, and the other being to "[often]" remember Him and the supreme sacrifice He made on the cross at Calvary for the remission of sins by shedding His blood, in the Lord's Supper. I repeatedly requested an opportunity to obey the Lord Jesus, and submitted I-60 Inmate Request to Chaplain Gary Redwine, and spoke face to face with TDCJ's Field Minister David Graham, and requested accomodation and access to obey the Lord Jesus command to observe the blood covenant in the 7-Building assembly and multi-purpose room used for G-4 HS ECB Christians. The request for accomodation and access to obey Jesus Christ, the Head of the Church, was ignored and I was substantially burdened in the exercise of my form of the Christian faith which requires obedience to the ordinance to take the Lord's Supper "[often]" in rememberance of the sacrifice made by the Lamb of God on the cross at Calvary. I have been substantially burdened in the exercise of my faith as a Christian since being assigned to the James V. Allred Unit, from the French M. Robertson Unit, and I have spoke to Chaplain Gary Redwine face to face about the federal litigation I successfully used to gain accomodation and access to practice my form of Christianity while an inmate of TDCJ-CID, and I received responses from Chaplain Timothy Hunter, Region VI Chaplain, who requested that Chaplain Redwine meet my needs for accomodation according to the federal court at the Fifth Circuit Court of Appeals. Jimmy S. Smith, senior warden, knows or should know, that I am being substantially burdened here at the Allred Unit by the lack of Christian symbols available in the

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**

(OVER)

Appendix F

7-Build a multi-purpose room during the assembly. Warden Smith was Major Smith at the RBU when the federal court's order was being obeyed by TDCJ. I am being denied accomodation and access to practice my form of Christianity by TDCJ "[exactly]" the same way that previously led to the Federal RLUIPA claims that I made and won, to gain access to the religious freedom I need to pray at the alter for forgiveness of my sins in view of the cross of Jesus. There is "no alter" to kneel before in view of the cross and pray to Christ. There is no opportunity to kneel at the alter and pray in view of the cross for the forgiveness of sins in the multi-purpose room, and there is no policy at the Allred Unit that makes communion available often in rememberance of God.

Action Requested to resolve your Complaint: (1) Hang crosses in the multi-purpose room during the Christian assemblies, (2) form a policy at Allred Unit that makes holy communion available often, (3) provide an alter to kneel and pray at.

Offender Signature: *Harvey Leroy Sossamon, III*   Date: November 24, 2019

Grievance Response:

Per your request, a cross will be provided to display during services. Chairs will be positioned for an alter. Security concerns must be considered regarding the placement of non-secured furnishings. Communions are offered as a gesture by volunteers. TDCJ Chaplains and field Ministers are prohibited from soliciting volunteers; the offering of communion is strictly voluntary.

Signature Authority: _____   E. Holmes   Assistant Warden   Date: DEC 20 2019

DEC 23 2019

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
state the reason for appeal on the Step 2 Form.

Returned because:   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

Appendix F

**Texas Department of Criminal Justice**

# STEP 2    OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: 2020041605 |
| UGI Recd Date: DEC 27 2019 |
| HQ Recd Date: JAN 06 2020 |
| Date Due: 2.5 |
| Grievance Code: 104 |
| Investigator ID#: |
| Extension Date: |

Offender Name: Harvey Leroy Sossamon, III    TDCJ # 1120297

Unit: Allred    Housing Assignment: HS BOD H-112 B

Unit where incident occurred: Allred, 7-Building

HSK-112B

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

1. I appeal the Step 1 answer signed by Elbert G. Holmes, assistant warden on December 20, 2019, returned to me December 23, 2019, because TDCJ and Texas prison officials are in contempt of the Fifth Circuit Court of Appeals, and the U.S. Supreme Court's decisions in my previous RLUIPA challenge I won. By this administrative decision by Elbert Holmes, David Blackwell, Region V Director, Jimmy S. Smith, senior warden, Andrea B. Lozada assistant warden, are attempting to circumvent and undermine the federal courts' decision, and avoid the RLUIPA (Religious Land Use & Institutionalized Person's Act) statutory duty the U.S. Congress and the courts placed on Texas prison officials. Elbert Holmes and Andrea Lozada in their official capacities have a duty and obligation to use the "[least restrictive means available]" to satisfy and meet any legitimate state interest including security when infringing upon my Christian faith. The U.S. Congress, the Texas Legislature, and the U.S. Supreme Court, and the Texas Supreme Court has made it clear in multiple challenges to the substantial burdens prison officials like those here at the Allred Unit, cannot escape the binding legal obligation to remove substantial burdens under the RLUIPA when they are notified of its existence. Allred Unit and Chaplain Gary Redwine, "**never**" has a volunteer chaplain available for the 7-Building Christian service. TDCJ's Field Ministers are the "[only]" available supervisors in the 7-Building Christian assembly. TDCJ does not have authority to repeal and revoke the command of the Lord Jesus Christ to take holy communion "[often]" in rememberence of the supreme sacrifice He made for Christians. Never having a volunteer chaplain

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

for holy communion in the 7-Building assembly, for Christians is religious

oppression by Jimmy S. Smith, David Blackwell, Andrea Lozada, Elbert Holmes,

and Gary Redwine, and it is contempt of court and contempt of the Congress and

the Texas Legislature who passed the religious Acts to protect me from them.

I appeal to TDCJ Huntsville to comply with the RLUIPA and TRFRA, the law.

**Offender Signature:** *Harvey Leroy Sossamon, III*  **Date:** December 23, 2019

**Grievance Response:**

Offender SOSSAMAN has been accommodated by chaplaincy and the warden at the Allred Unit. Staff provided a
cross, a makeshift altar (placement of chairs in front of the service) in answer to Offender SOSSAMAN's Step One
Grievance. However, the denial of your Step Two Grievance is based on two things; TDCJ Policy and Article One of
the United States Constitution: (1) Texas Department of Criminal Justice Policy BP-01.01, "Texas Board of Criminal
Justice Responsibilities;" BR-152.71, "Acceptance of Gifts Related to Buildings for Religious and Programmatic
Purposes;" AD-7.30, "Procedures for Religious Programming" under Procedures, I. intimates, "No unit chaplain shall
solicit gifts of money for chapel programming, activities, or construction." (2) First Amendment to the United States
Constitution, builds on foundational freedoms and is a fixed star in our constitutional constellation. Summarily, two
of the framers of the U.S. Constitution; James Madison and Thomas Jefferson, wrote in draft of the First
Amendment, ". . . *no man* shall be compelled to frequent or support any religious worship, place, or ministry
whatsoever, nor shall be enforced, restrained, molested, or burthened in his body or goods . . ." This "*no man*"
includes our valuable TDCJ Volunteers.

**Timothy C. Jones**
**Deputy Director of Religious Services**

**Signature Authority:** _____  **Date:** 1/17/2020

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**I-128 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened  ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened  ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened  ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

**Appendix G**

# PLAINTIFF'S
# EXHIBIT· H

Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

Sossaman, Harvey

Offender Name: Harvey Leroy Sossaman  TDCJ # 1120297

Unit: Allred  Housing Assignment: Infirmary #11

Unit where incident occurred: Allred Unit Infirmary
10MD-11

| | |
|---|---|
| Grievance #: | 2021107061 |
| Date Received: | 10 MAY 2021 |
| Date Due: | 19 JUN 2021 |
| Grievance Code: | 100 |
| Investigator ID #: | I2630 |
| Extension Date: | MAY 2 6 2021 |
| Date Ret'd to Offender: | |

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Chaplain Gary Redwine   When? 05/03/2021 I-60

What was their response? Field Minister Lex Parker came to Infirmary 05/04/2021

What action was taken? Christians were DENIED a location for communion

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On May 3, 2021, I spoke to RN Charge Nurse Kathryn Scanlin about taking biblical congregational communion in the dayroom at the end of the hall of the infirmary. I also submitted an I-60 to Chaplin Gary Redwine asking for accomodation to take communion. Communion was scheduled and Christians who wanted communion as a Congregation to commserate the Sacrifice the Lord Jesus made in obedience to the blood covenant in I Corinthians 11:23-26, would be accomodated with a location on May 4, 2021. On May 4, 2021, CO Darden placed Offender Abraham in the dayroom to cut hair and do clipper shaves instead of having congregational communion as requested. Offender Abraham comes to the infirmary every 48 hours to cut hair and do clipper shaves on the same offenders. There was no justification for CO Darden to deny congregational communion to provide Offender Abraham a location to cut hair and do clipper shaves when he cuts hair and does clipper shaves every 2-3 days. I have not been accomodated with congregational biblical communion for 10 months when Chaplain Redwine, has a unit policy of making communion available to Christ's Church once a month during Congregational worship services. Field Minister Lex Parker did have one on

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

JUN 0 7 2021     Appendix F

one Communion in the infirmary rooms and I was offered, one on one Communion in Room 11, but I was denied congregational Communion with other Christians the same as Christians who are able to go to Church. St. Paul clearly admonishes Christians in I Corinthians 11: 27-30, what the consequences will be if ANY man or woman or child takes Communion unworthy. Every Christian is entitled to accommodation and a location for congregational communion with like minded believers. My form of Christianity was substantially burdened May 4, 2021.

Action Requested to resolve your Complaint: (1) Reschedule congregational communion and accommodate Christ's Church with a location in the infirmary

Offender Signature: _Harvey Leroy Sossamon, III_    Date: _May 9, 2021_

Grievance Response:

**The Chaplaincy Department has initiated Christin services in the infirmary on Tuesdays. Communion will be offered during the service.**

**T. Hooper, Asst. Warden**

Signature Authority: _____    Date: **MAY 26 2021**

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority: _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

# PLAINTIFF'S
# EXHIBIT-I

# Current Patient Restrictions

**Patient: SOSSAMAN, HARVEY L   MRN: 1120297   DOB: 11/21/1950   Sex: MALE   Race:WHITE**

| Order Provider | Section | Element | Restriction | Start Date | # Days | Exp. Date | Cont | Data | Units |
|---|---|---|---|---|---|---|---|---|---|
| ODAL, MARCIA J | II | Basic Housing | Single Cell Only | 04/20/2023 | | | Yes | | |
| DEER, TONI L | II | Bunk Assignment | Lower Only | 02/13/2018 | | | Yes | | |
| ODAL, MARCIA J | II | Extended Medical Hours | Insulin | 10/11/2019 | | | Yes | | |
| ODAL, MARCIA J | II | Extended Medical Hours | Medical Non-KOP | 10/27/2020 | | | Yes | | |
| TALLEY, SHERI J | II | Row Assignment | Ground Floor Only | 03/29/2018 | | | Yes | | |
| ODAL, MARCIA J | III | | 1. Medically Unassigned | 10/27/2020 | | | Yes | | |
| DAVIS, SUSAN R | III | | 11. No Repetitive Squatting | 08/25/2022 | | | Yes | | |
| DAVIS, SUSAN R | III | | 12. No Climbing | 08/25/2022 | | | Yes | | |
| UNKNOWN, UNKNOWN | III | | 18. Do not Assign to Medical | 06/05/2014 | | | Yes | | |
| TALLEY, SHERI J | III | | 19a. Medical - No Work in Direct Sunlight | 03/29/2018 | | | Yes | | |
| HERRING, STACIE L | III | | 20a. Medical - No Temperature Extremes | 03/29/2018 | | | Yes | | |
| HERRING, STACIE L | III | | 22. No Exposure to Environmental Pollutants | 06/08/2021 | | | Yes | | |
| ODAL, MARCIA J | III | | 23. No Work With Chemicals or Irritants | 06/08/2021 | | | Yes | | |
| MARTIN, ROBERT O | III | | 7. Limited Standing | 10/27/2020 | | | Yes | | |
| HERRING, STACIE L | IV | | 8. No Walking > | 08/31/2022 | | | Yes | 100 | Yards |
| HERRING, STACIE L | III | | 9. No Lifting > | 07/12/2018 | | | Yes | 25 | Lbs |
| ODAL, MARCIA J | VI | Disciplinary Process | Consult Representative of Medical Department before taking disciplinary action | 06/08/2021 | | | Yes | | |
| | | Routine Transportation Van Restrictions | | 04/04/2019 | | | Yes | | |
| DAVIS, SUSAN R | | | RESEND | 08/15/2022 | | | | | |
| DAVIS, SUSAN R | | | RESEND | 08/11/2022 | | | | | |
| GREGORY, JACKIE S | | | RESEND | 09/05/2018 | | | | | |
| WRIGHT, NATHAN A | | | RESEND | 02/19/2020 | | | | | |
| ODAL, MARCIA J | | | RESEND | 10/11/2022 | | | | | |

**PULHES Management**

| DESIG | | CODE | MODIFIER |
|---|---|---|---|
| P | 3 | C | P |
| U | 3 | C | P |
| L | 3 | C | P |
| H | 1 | A | - |
| E | 2 | B | P |
| S | 1 | A | - |

Gossaman, Haney
# 1120297
ECB  MS104B

# PLAINTIFF'S
# EXHIBIT-J

SEP 27 2022



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Harvey Leroy Sossamon III   TDCJ # 1120297

Unit: Allred

Housing Assignment: 10 ~~Medical Run~~ 11

Unit where incident occurred: Allred - Infirmary Dayroom

HSB-101B

**OFFICE USE ONLY**

Grievance #: 2022015185

UGI Recd Date: APR 0 8 2022

HQ Recd Date: APR 1 2 2022

Date Due: 05-23-22

Grievance Code: 901

Investigator ID#: I2704

Extension Date: JUN 2 7 2022

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I appeal the Step 1 response by Assistant Warden Cody A. Wolfrum, because the prison barber has not stopped spewing out false doctrines and perverting the gospel of Christ. He has been removed from the dayroom in the infirmary, but he continues to attempt to use his prison job assignment to gain access to the free citizen nurses. There are no cameras in the medical infirmary. Assistant Warden Wolfrum's answer to the Step1 grievance does not include a security remedy where correctional officers supervise the barber, and there is no remedy to stop him from continuing to prey upon mental patients every 48 hours, where he can be in the medical infirmary. Assistant Warden Wolfrum does not address the fact that the barber is a member of the prison political group headed by the SSI's assigned in the infirmary. Assistant Warden Wolfrum condones the barber's misconduct by the passive tolerance, and passive acceptance of the TDCJ-CID records that proves the barber is preying on the same dementia and mental patients every 48 hours.

I appeal to exhaust my administrative remedies under the Prisoner's Litigation Reform Act (PLRA).

**I-128 Front** (Revised 11-2010)      **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**      (OVER)

Appendix G

**Offender Signature:** *Harvey Lewy Sossamon III*    **Date:** 04/06/2022

**Grievance Response:**

Your step 2 grievance has been investigated by this office. Records indicate you were appropriately advised in the step 1 response. No further action warranted.

**Signature Authority:** *J. Back*    **Date:** AUG 2 3 2022

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**    **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened    ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2ⁿᵈ Submission**    **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened    ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**3ʳᵈ Submission**    **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened    ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**I-128 Back** (Revised 11-2010)    **Appendix G**

Harvey Leroy Sossamon, III
No. 1120297, James V. Allred Unit
10-Medical, Infirmary Room 11
2101 F.M. 369 North
Iowa Park, Texas 76367-6865

March 15, 2022

Mr. Timothy S. Hooper
TDCJ-CID Assistant Warden
1-Building Administrative Offices
James V. Allred Unit, Region V
2101 F.M. 369 North
Iowa Park, Texas 76367-6865

Re: Christian Accomodation & Location; RLUIPA & TRFRA Infirmary;
Sound Doctrine & Defending The Faith; Qualified Teachers Of
The Gospel Approved By God & TDCJ-CID

Dear Warden Hooper:

I am writing th is today, because I have known you alot of years
from the time I was assigned to the French M. Robertson Unit, and
because you are aware of the accomodation and location that Warden
Smith authorized for Christian services and fellowship back here in
the infirmary. Warden Smith did a good thing for hospice patients.
Additionally, I am trying to find a fast informal resolution to a
reoccuring problem that continues in the infirmary. I believe you
are that fast informal resolution.

Warden Smith, has provided Christians with a service, and a
fellowship by assembly in the dayroom with field ministers approved
by TDCJ-CID, and trained at the Darrington Unit, to minister to
people, and teach sound doctrine in an effort to change the culture
in the penitentiary one human heart at a time. Brian Collier, and
John Whitmire, support the program at the Darrington Unit, and here
at the Allred Unit, there is no shortage of field ministers.

I am coming to you today, on behalf of Christians assigned back
here in the infirmary hospice ward, because the barber is back here
every 48 hours, under the pretense that he is cutting hair, or he is
giving clipper shaves. The real deal is, he comes back here every 48
hours, teaching false doctrines and perverting the gospel of Jesus.
He is not a church leader, and he is not a field minister, and I have
personally listened to him teach and pray, and he does not know what
he is doing, and Warden Hooper, "human souls" are at stake. Eternity
is a very, very long time, and there is "[no parole]" from Hell. His
approved function authorized by TDCJ-CID is to cut hair and give out
clipper shaves when necessary to comply with the TDCJ-CID grooming
policy, not to mislead new born Christians with bogus doctrines.

Additionally, hospice patients have requested family and friends
to file complaints with the TDCJ-CID Ombudsmen's Office in Huntsville,
to getyaccess to the dayroom where the phones are. TDCJ-CID Step 1
grievances has been filed and successful. Informal efforts through
the security supervisors that come through the hospice ward have
been successful, and assistance was provided.

All of these efforts are undermined, because the female security supervisors assigned back here, will not stop the barber from teaching false doctrines, and most importantly for TDCJ-CID, the females **do not** want any assigned patients in the dayroom when he is in there. The only phone back here is in the dayroom, and he is in there every 48 hours.

**Please** confirm that he is not a field minister, and not a church leader, and has not been trained by any denomination to preach and teach the scriptures to us. Please confirm that he is back here on monday-wednesday-friday, and the dayroom is where he sets up.

Thank you very much, for your time and assistance with this matter on behalf of the hospice Christians back here. God bless you, **a** and God bless Warden Smith.

Respectfully submitted,

Harvey Leroy Sossamon, IIII

cc:file
    hls3

(Page 2)

Harvey Leroy Sossamon, III
No. 1120297, Allred Unit
2101 F.M. 369 North
Iowa Park, Texas 76367

October 7th, 2023

District Clerk's Office
U.S. District Court, N D of Texas
Wichita Falls Division, Room 310
501 West 10th Street
Fort Worth, Texas 76102

Re: Sossamon v. The Lone Star State of Texas,
No. 2, et. al., Civil Action No. _____.

Dear Ma'me / Sir:

Please find enclosed the documents necessary to
file my Rule 8(a) complaint, with a motion for in forma
pauperis, and the TDCJ-CID Inmate Trust Fund Verification.
Please file these with the district court, and bring it to
the Court's attention as soon as your time permits.

I am a three strike litigant who must be granted the
Court's leave to present this to the Court because of my
extreme poverty and terminal illnesses, and heat restriction.
The PLRA and 28 U.S.C., § 1915(g), governs this request.

Again, I sincerely apologize to the district court for
being forced to present my civil action with a pen. I have
been blinded in my right eye which makes it worse, and
because of my age, and terminal illnesses, all I have

(UNIGHTED)

left is my faith in God, and my faith that the Court will do the right thing to enforce the Constitution.

Texas prison officials refuse to yield to the Constitution, and to God, or the Federal Courts and the Judicial Branch of the Government. I thought this was decided by the Fifth Circuit Court of Appeals, and the U.S. Supreme Court and Congress, but I was wrong. I believed Texas prison officials would honor their own agreement for heat restricted inmates after a federal judge in Houston, approved an out of court agreement, but I was wrong. After 9 years of being provided access to the chapel sanctuary, resulting from the Fifth Circuit's RLUIPA decision in my case, Region V, Allred Unit, continues to violate federal law.

Thank you very much for all you, and your staff do for the people of the United States and Texas. God bless all of you, and keep you in the palm of His hand.

Respectfully Your's,

Harvey Leroy Sossamon, III
No. 1120297

Page 2 - Cover Letter



No: 1120297, Allred Unit
Iowa Park, Texas 76367

LEGAL MAIL

District Clerk's Office
U.S. District Court, N.D. of Texas
Wichita Falls Division, Room 310
Fort Worth, Texas 76102

RECEIVED
OCT 1 7 2023

X-RAY

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION

Case: **7:23−cv−00115**
Assigned To : **O'Connor, Reed C.**
Referral Judge: **Ray, Hal R., Jr**
Assign. Date : **10/17/2023**
Description: **Harvey Leroy Sossamon, III v. The Lone Star State of Texas, No. 2 et al**